IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DARRELL JOHNSON,

    *Petitioner*,

v.

UNITED STATES OF AMERICA,

    *Respondent*.

Criminal Action No. ELH-13-0261

Related Civil No.: ELH-16-1903

## MEMORANDUM OPINION

On May 23, 2013, Petitioner Darrell Johnson, a/k/a/ Richard Morris, III, was indicted on charges of conspiracy to distribute and possess with the intent to distribute five hundred grams or more of cocaine, in violation of 21 U.S.C. § 846 (Count One), and possession with intent to distribute five hundred grams or more of cocaine, in violation of 21 U.S.C. § 841(a)(1) (Count Two). *See* ECF 1. Petitioner entered a plea of guilty on September 25, 2013, to Count One of the Indictment (ECF 38), pursuant to a Plea Agreement. *See* ECF 39; *see also* ECF 88. Sentencing was held on February 12, 2015. ECF 64. Judge William D. Quarles, Jr., to whom the case was then assigned, sentenced Johnson to a term of 48 months imprisonment. *Id.* Judgment was entered on February 18, 2015. ECF 65.[1] Petitioner did not note an appeal.

On June 6, 2016, Johnson filed a Motion to Vacate, Set aside, or Correct his sentence ("Petition"), pursuant to 28 U.S.C. § 2255. ECF 71. The government opposes the Petition (ECF 86) and has submitted exhibits. *See* ECF 88; ECF 89; ECF 90. No reply has been docketed.

---

[1] In June 2016, the case was reassigned from Judge Quarles to me, due to the retirement of Judge Quarles.

Under 28 U.S.C. § 2255(b), a hearing is required "[u]nless the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief...." This is such a case; no hearing is necessary. For the reasons that follow, I shall deny the Petition.

## I. Factual Background

The Plea Agreement contains a Statement of Facts (ECF 39, ¶ 6(a); ECF 88 ¶ 6(a)), to which Petitioner agreed. *See* ECF 39 at 8; ECF 88 at 8. The facts were also set forth on the record at Petitioner's Rule 11 guilty plea proceeding. *See* ECF 89 at 12-13. And, while under oath, Johnson agreed to these facts. *Id.* at 14. They are as follows:

> Beginning sometime in 2012 and continuing through January 14, 2013 and after, the Defendant, Richard Morris [a/k/a Darrell Johnson], conspired with others, including, but not limited to William Barnett and Jermel Davis, to obtain quantities of heroin and cocaine from sources in North Carolina. These sources were related to Jermel Davis and provided wholesale quantities of cocaine and heroin to Davis, Barnett, and the Defendant. Davis, Barnett, and the Defendant would travel to North Carolina and return with the wholesale quantities of heroin and cocaine, which would be converted by them (Barnett, Davis or the Defendant) into cocaine base, for street level distribution in Baltimore, Maryland. During the period of the conspiracy, the Drug Enforcement Administration (DEA) utilized wire and electronic interception of William Barnett's cellular phone. During intercepted conversation [sic], the Defendant was intercepted speaking with Barnett and discussing the quality of the drugs provided and the distribution of both wholesale and street level quantities of the drugs. On January 14, 2013, based on conversations intercepted, pursuant to those wires, the DEA believed that Davis, Barnett, and the Defendant would be returning from North Carolina with a fresh supply of drugs. The DEA notified the Maryland State Police, who executed a traffic stop of a vehicle driven by Barnett and occupied by Davis and the Defendant. A canine gave a positive alert from the presence of drugs in the vehicle. The vehicle was searched and found to contain at least 500 grams of cocaine.
>
> The Government's evidence consists of, among other things, the testimony of cooperating witnesses, seizures of narcotics, narcotics paraphernalia and other evidence pursuant to search warrants and electronic surveillance, including the monitoring of telephone conversations occurring over the Defendant's and others' cellular telephones.

The following colloquy at Petitioner's guilty plea proceeding is also relevant, ECF 89 at 6:

> THE COURT: At the time of this offense that you're pleading guilty to, were you on parole or probation?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Which was it: Parole, or probation?
>
> THE DEFENDANT: Both.
>
> THE COURT: You should realize, by pleading guilty this afternoon, you may be admitting a violation of parole. You also may be admitting a violation of probation. This proceeding is not going to fix those problems if, in fact, they are problems. You're going to have to take that matter up with the Parole Commission or with the Judge who has you on probation. Do you understand that, sir?
>
> THE DEFENDANT: Yes, sir.

Additional facts are included in the Discussion.

## II. 28 U.S.C. § 2255

Pursuant to 28 U.S.C. § 2255(a), a prisoner in federal custody may "move the court which imposed the sentence to vacate, set aside or correct the sentence," but only on certain grounds: "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. . . ." *See also United States v. Newbold*, 791 F.3d 455, 459 (4th Cir. 2015).

Collateral attack is not a substitute for direct appeal; failure to raise certain issues on direct appeal may render them procedurally defaulted on post-conviction review. *United States v. Frady*, 456 U.S. 152, 165 (1982); *accord Bousely v. United States*, 523 U.S. 614, 630 (1998). As a general rule, a petitioner who fails to raise a claim on direct appeal is barred from raising

3

the claim on collateral review. *Sanchez–Llamas v. Oregon*, 548 U.S. 331, 350–51 (2006). However, this bar generally does not apply to claims pertaining to ineffective assistance of counsel. *See, e.g.*, *Massaro v. United States*, 538 U.S. 500, 503–04 (2003).

Under 28 U.S.C. § 2255(b), the post-conviction court must hold a hearing "[u]nless the motion and the files and records conclusively show that the prisoner is entitled to no relief. . . ." *United States v. LeMaster*, 403 F.3d 216, 220-23 (4th Cir. 2005); *see, e.g.*, *United States v. White*, 366 F.3d 291, 302 (4th Cir. 2004). Courts have determined that a hearing is not necessary where "the motion . . . fail[s] to allege sufficient facts or circumstances upon which the elements of constitutionally deficient performance might properly be found [or] where the defendant has failed to present any affidavits or other evidentiary support for the naked assertions contained in his motion." *United States v. Taylor*, 139 F.3d 924, 933 (D.C. Cir. 1998) (internal quotation marks and citation omitted); *accord United States v. McGill*, 11 F.3d 223, 225–26 (1st Cir. 1993). On the other hand, a hearing is generally "required when a movant presents a colorable Sixth Amendment claim showing disputed material facts and a credibility determination is necessary to resolve this issue." *United States v. Robertson*, 219 Fed. App'x 286, 286 (4th Cir. 2007); *see also United States v. Ray*, 547 Fed. App'x 343, 345 (4th Cir. 2013).

In resolving the Petition, I am mindful that a self-represented litigant is generally "held to a 'less stringent standard[ ]' than is a lawyer, and the Court must liberally construe his claims, no matter how 'inartfully' pled." *Morrison v. United States*, RDB-12-3607, 2014 WL 979201, at *2 (D. Md. Mar. 12, 2014) (internal citations omitted); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (stating that claims of self-represented litigants are held "to less stringent standards than formal pleadings drafted by lawyers"); *Bala v. Commonwealth of Va. Dep't of Conservation & Recreation*, 532 F. App'x 332, 334 (4th Cir.

2013) (per curiam) (same). Nevertheless, I am satisfied that no hearing is necessary to resolve Johnson's claims.

### III. Discussion

**A.**

Petitioner was on parole or probation for a State of Maryland conviction at the time he committed the underlying offense. In particular, he had received a sentence of life imprisonment, with all but 18 years suspended, and five years of probation, for a murder conviction. ECF 44 (Presentence Report) ("PSR"). Therefore, Petitioner claims that his trial counsel was ineffective for advising him to plead guilty. According to Petitioner, he wanted to go to trial, but his lawyer advised him that if he accepted the plea offer the State of Maryland would not impose the suspended portion of his life sentence, for which he was on probation. ECF 71 at 4. On January 28, 2016, Petitioner received a life sentence for violation of his probation. *Id.* According to Petitioner, his counsel admitted to this error during a phone conversation with Petitioner on May 4, 2016. *Id.*

**B.**

The government claims that the Petition was untimely filed, and is barred by the one year period of limitations applicable under 28 U.S.C. § 2255(f). That limitations period runs from the latest of: (1) the date on which the conviction became final; (2) the date on which an "impediment to making a motion created by government action" is removed, if the movant was prevented from making his motion by government action that was in violation of the Constitution or law; (3) the date on which the right asserted was recognized by the Supreme Court, if that newly-recognized right has been made retroactive to cases on collateral review; or (4) the date on

which the facts supporting the claims could have become known through the exercise of due diligence. *Id.*

As indicated, the Judgment was entered on February 18, 2015. *See* ECF 65. Under Fed. R. App. P. 4(b)(1)(A), a notice of appeal must be filed within fourteen days of judgment. Petitioner did not note an appeal. Therefore, the conviction became final on March 4, 2015, which was the expiration date for filing an appeal. *See United States v. Wilson*, 256 F.3d 217, 221 (4th Cir. 2001) (where no appeal filed, conviction becomes final after time for filing appeal had lapsed).

Accordingly, under § 2255(f), Petitioner was required to file his Petition on or before March 4, 2016. But, the Petition was not filed until June 6, 2016, several months after the limitations deadline. Accordingly, on this basis, the Petition is subject to dismissal, unless the doctrine of equitable tolling applies.

Equitable tolling is available in "those 'rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation against the party and gross injustice would result.'" *Whiteside v. United States,* 775 F.3d 180, 184 (4th Cir. 2014) (en banc) (applying equitable tolling to one-year limitation period in 28 U.S.C. § 2255) (quoting *Rouse v. Lee,* 339 F.3d 238, 246 (4th Cir. 2003) (en banc)) (additional citations omitted); *see Hill v. Braxton,* 277 F.3d 701, 704 (4th Cir. 2001); *Harris v. Hutchinson,* 209 F.3d 325, 330 (4th Cir. 2000). For equitable tolling to apply, an otherwise time-barred petitioner must demonstrate "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing.'" *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). A petitioner need show

only "reasonable diligence"; there is no requirement for "maximum feasible diligence." *Holland,* 560 U.S. at 653 (citation omitted).

There is no indication of any circumstance – must less an extraordinary one – that prevented Petitioner from timely filing his Petition. Indeed, the facts underlying Petitioner's contention were known to him at least as of the day of his guilty plea proceeding, when he was advised by the Court that his guilty plea could constitute an admission of a violation of his probation. *See* ECF 89 at 6.

The PSR (ECF 44) was filed on December 2, 2013. In ¶ 30, it reflects that defendant received a State sentence of life imprisonment, with all but 18 years suspended, and five years' probation, for the offense of murder. Prior to sentencing, defense counsel submitted a sentencing letter to Judge Quarles, setting forth the various grounds for which the defense urged leniency. ECF 61. Defense counsel said, in part: "The Court is further advised that the defendant is facing a potential life sentence as a result of the instant conviction and the pending violation of probation, as noted in Paragraph 33 fo [sic] the PSR." *Id.* at 1. And, in seeking a lenient sentence, the defense reiterated, *inter alia*, "the realistic possibility of a life sentence as a result of the pending violation of probation. . . ." *Id.* at 3.

At sentencing on February 12, 2015, defense counsel specifically represented that he had "reviewed" the PSR with Petitioner. ECF 90 at 3. Therefore, Petitioner would have known of the criminal history set forth in ¶ 30. In addition, during sentencing, defense counsel represented that a life sentence was a "possibility" because of Petitioner's violation of probation. ECF 90 at 7. And, defense counsel said defendant's underlying conviction in this case was "clearly a Rule 4 violation," based on "a subsequent conviction." *Id.* at 8. Defense counsel added, *id.*: "[H]opefully he'll be able to negotiate something over there."

Thus, by February 12, 2015, at the latest, Petitioner was on notice of the potential for a life sentence for violation of probation in State court. There is no basis for equitable tolling. The Petition was untimely filed.

## C.

Even if the filing of the Petition were timely, Petitioner has no basis for relief.

Petitioner argues that his lawyer incorrectly advised him to plead guilty and, but for this erroneous advice, he would have gone to trial. The longstanding test for determining the validity of a guilty plea is "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *North Carolina v. Alford*, 400 U.S. 25, 31 (1970); *see Boykin v. Alabama*, 395 U.S. 238 (1969); *Machibroda v. United States*, 368 U.S. 487, 493 (1962).

The Sixth Amendment guarantees a criminal defendant the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *see also Buck v. Davis*, ____ U.S. ____, 137 S. Ct. 759, 775 (2017). Ineffective assistance of counsel is a well recognized basis for relief under § 2255. *See generally Missouri v. Frye*, 566 U.S. 133 (2012); *Lafler v. Cooper*, 566 U.S. 156 (2012); *Padilla v. Kentucky*, 559 U.S. 356 (2010). Where a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice "was within the range of competence demanded of attorneys in criminal cases." *McMann v. Richardson*, 397 U.S. 759, 771 (1970). As the Court explained in *Tollett v. Henderson*, 411 U.S. 258 (1973), a defendant who pleads guilty upon the advice of counsel "may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in *McMann*." *Id.* at 267.

To mount a successful challenge under 28 U.S.C. § 2255 based on a Sixth Amendment claim of ineffective assistance of counsel, a petitioner must satisfy the two-pronged test set forth in *Strickland*, 466 U.S. at 687–88. *See United States v. Powell*, 850 F.3d 145, 149 (4th Cir. 2017). First, the petitioner must show that counsel's performance was deficient. Second, the petitioner must show that he was prejudiced by the deficient performance. *Id.* at 687; *see Buck*, 137 S. Ct. at 775; *Chaidez v. United States*, ___ U.S. ____, 133 S. Ct. 1103, 1107–8 (2013); *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000); *Hill v. Lockhart*, 474 U.S. 52 (1985); *Powell*, 850 F.3d at 149; *United States v. Rangel*, 781 F.3d 736, 742 (4th Cir. 2015); *Richardson v. Branker*, 668 F.3d 128, 139 (4th Cir. 2012); *United States v. Higgs*, 663 F.3d 726, 735 (4th Cir. 2011); *see, e.g., United States v. Baker*, 719 F.3d 313, 318 (4th Cir. 2013).

The first prong is known as the "performance prong," which relates to professional competence. The petitioner must demonstrate that his attorney's performance fell "below an objective standard of reasonableness," as measured by "prevailing professional norms." *Strickland*, 466 U.S. at 688; *see Powell*, 850 F.3d at 149. The central question is whether "an attorney's representation amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom." *Harrington v. Richter*, 562 U.S. 86, 88 (2011) (quoting *Strickland*, 466 U.S. at 690). The burden is on the petitioner to establish "'that counsel made errors so serious that his "counsel" was not functioning as the "counsel" guaranteed by the Sixth Amendment.'" *Harrington v. Richter*, 562 U.S. at 88 (quoting *Strickland*, 466 U.S. at 687).

As the Supreme Court recently reiterated, the "first prong sets a high bar." *Buck*, 137 S. Ct. at 775; *see also Powell*, 850 F.3d at 149. "The lawyer has discharged his constitutional responsibility so long as his decisions fall within the 'wide range of professionally competent

assistance.'" *Buck*, 137 S.Ct. at 775 (citation omitted). Consequently, the performance prong is "'difficult'" to establish. *Lawrence v. Branker*, 517 F.3d 700, 709 (4th Cir. 2008) (quoting *James v. Harrison*, 389 F.3d 450, 457 (4th Cir. 2004)).

To satisfy the high bar, the petitioner must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. "Keenly aware of the difficulties inherent in evaluating counsel's performance, the Supreme Court has admonished that courts 'must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *Lawrence*, 517 F.3d at 708 (quoting *Strickland,* 446 U.S. at 689); *see Harrington*, 562 U.S. at 104; *Lee v. Clarke*, 781 F.3d 114, 122 (4th Cir. 2015). Indeed, "the *Strickland* standard must be applied with scrupulous care," *Harrington*, 562 U.S. at 105, and "the standard of judging counsel's representation is a most deferential one." *Id.*

Second, the petitioner must show that his attorney's deficient performance "prejudiced [his] defense." *Strickland*, 466 U.S. at 687. To satisfy the "prejudice prong," a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694; *see also Buck*, 137 S. Ct. at 776; *Lafler*, 566 U.S. at 163. "A reasonable probability is a probability sufficient to undermine confidence in the outcome" of the proceedings. *Strickland*, 466 U.S. at 687.

The *Padilla* Court said, 559 U.S. at 371: "Surmounting *Strickland's* high bar is never an easy task." This is because a petitioner is not entitled to post-conviction relief based on prejudice where the record establishes that it is "not reasonably likely that [the alleged error] would have made any difference in light of all the other evidence of guilt." *Berghuis v. Thompkins*, 560 U.S. 370, 390 (2010).

A court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Id.* at 697. Nor must a court address both components if one is dispositive. *Jones v. Clarke*, 783 F.3d 987, 991 (4th Cir. 2015). This is because failure to satisfy either prong is fatal to a petitioner's claim. As a result, "there is no reason for a court...to address both components of the inquiry if the defendant makes an insufficient showing on one." *Strickland*, 466 U.S. at 697.

Ultimately, the decision to plead guilty rests entirely with the defendant. The Supreme Court has concluded that "the exercise or waiver of [certain] basic trial rights are of such moment that they cannot be made for the defendant by [his counsel]. A defendant… has 'the ultimate authority' to determine 'whether to *plead guilty*, waive a jury, testify in his or her own behalf, or take an appeal.'" *Florida v. Nixon*, 543 U.S. 175, 187 (2004)(quoting *Jones v. Barnes*, 463 U.S. 745, 751 (1983)(emphasis added)).

Petitioner appears to argue that he was not aware of the consequences of his guilty plea in terms of his exposure to a life sentence in the State system for the violation of his probation. However, during the Rule 11 proceeding, Judge Quarles explained to Johnson that his conviction in this case might constitute a violation of his probation in another case. ECF 89 at 6.

The plea colloquy at Petitioner's Rule 11 hearing established that the guilty plea was an informed one and also a voluntary one. "Findings by a sentencing court in accepting a plea 'constitute a formidable barrier' to attacking the plea." *United States v. Lambey*, 974 F.2d 1389, 1395 (4th Cir. 1992) (en banc) (citation omitted). Where, as here, "information given by the court at the Rule 11 hearing corrects or clarifies the earlier erroneous information given by the defendant's attorney and the defendant admits to understanding the court's advice, the criminal

justice system must be able to rely on the subsequent dialogue between the court and defendant." *Id.* at 1395.

Moreover, "a defendant's solemn declarations in open court affirming [a plea] agreement ... 'carry a strong presumption of verity.'" *United States v. White*, 366 F.3d 291, 295 (4th Cir. 2004) (quoting *Blackledge v. Allison*, 431 U.S. 63, 76 (1977)). "Indeed, because they do carry such a presumption, they present 'a formidable barrier in any subsequent collateral proceedings.'" *White*, 366 F.3d at 295-96 (quoting *Blackledge*, 431 U.S. at 74). Courts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy. *United States v. Bowman*, 348 F.3d 408, 417 (4th Cir. 2003). Notably, "a more lenient approach . . . 'would eliminate the chief virtues of the plea system – speed, economy, and finality.'" *White*, 366 F.3d at 296 (citation omitted).

There is nothing in the record indicating that Petitioner was provided with incomplete or erroneous advice. To the contrary, Petitioner's lawyer used Petitioner's exposure to a life sentence as a ground for seeking leniency from Judge Quarles in regard to sentencing in the federal case. Further, Petitioner has failed to demonstrate that, but for his lawyer's advice, he would have insisted on going to trial. Petitioner was arrested in a vehicle with a substantial amount of cocaine. Through effective advocacy, he received a 48-month federal sentence. Petitioner never complained about his sentence, or the advice he received, until after the suspended portion of his State sentence was imposed.

As the government puts it, ECF 86 at 8: "This appears to be nothing more than a case of buyer's remorse." At the relevant time, Johnson was aware of the consequence of his plea and its possible effect on his State probation.

## IV. Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the court is required to issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the applicant. A COA is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). In other words, unless a COA is issued, a petitioner may not appeal the court's decision in a § 2255 proceeding.[2] 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b).

A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Buck v. Davis*, 137 S. Ct. at 773. Where the court denies a petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Tennard v. Dretke*, 542 U.S. 274, 282 (2004); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003).

As indicated, a COA may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because Petitioner has not made a substantial showing of the denial of his constitutional rights, I decline to issue a COA.

An Order follows, consistent with this Memorandum.


Date: November 8, 2017              /s/
                                          Ellen Lipton Hollander
                                          United States District Judge

---

[2] The denial of a COA by the district court does not preclude Petitioner from seeking a COA from the appellate court.